# IN THE CIRCUIT COURT FOR THE ELEVENTH JUDICIAL DISTRICT IN HAMILTON COUNTY, TENNESSEE

BRIGITTE DARLENE HERRING, )
And JAMES EDWARD HERRING, )
                                        )
         Plaintiffs,             )     Case No. 20C1145
                                        )
v.                                          )
                                        )     JURY DEMAND
RI TN 2, LLC, CIRCLE K STORES, )
INC., MAC'S CONVENIENCE )
STORES, LLC, )
                                        )
         Defendants.           )

*FILED IN OFFICE 2020 NOV 13 PM 2:28 LARRY L. HENRY, CLERK BY CS*

## COMPLAINT FOR DAMAGES

COMES Brigitte Darlene Herring and James Edward Herring (hereinafter referred to as "Plaintiffs"), by and through counsel, and files this Complaint for money damages as follows:

### I. PARTIES AND JURISDICTION

1. Plaintiffs are, and at all material times herein have been, residents of Chattanooga, Hamilton County, Tennessee, and is subject to the jurisdiction of this Court.

2. Upon information and belief, Defendant RI TN 2, LLC (hereinafter referred to as "RI TN 2"), is a Delaware limited liability company, officially transacting business in Tennessee, who at all material times was the owner of the real property located at 7020 East Brainerd Road, Chattanooga, Tennessee 37421, where Plaintiffs' causes of action arose. RI TN 2 may be served through its Registered Agent for service of process: Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

3. Upon information and belief, Defendant Circle K Stores, Inc. (hereinafter referred to "Circle K"), is a Texas corporation, officially transacting business in Tennessee, who at all material times was the owner and operator of the Circle K convenience store and gas station

located at 7020 East Brainerd Road, Chattanooga, Tennessee, 37421, where Plaintiffs' causes of action arose. Circle K may be served through its Registered Agent for service of process: Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

4. Upon information and belief, Defendant Mac's Convenience Stores, LLC (hereinafter referred to as "Mac's"), is a Delaware limited liability company officially transacting business in Tennessee, who at all material times was the licensee, franchisee, and/or operator of the convenience store and gas station located at 7020 East Brainerd Road, Chattanooga, Tennessee 37421, where Plaintiffs' causes of action arose. Mac's may be served through its Registered Agent for service of process: Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312.

5. Jurisdiction and venue for this action are appropriate in this Court because the acts and omissions forming the basis of this suit arose in Chattanooga, Hamilton County, Tennessee.

6. Plaintiffs' complaint is timely filed within one (1) year of the alleged negligent acts and date of injury.

## II. STATEMENT OF FACTS

7. Plaintiffs incorporate paragraphs 1 through 6 herein as if fully restated verbatim.

8. On or about March 4, 2020, Brigitte Darlene Herring (hereinafter referred to as "Darlene") entered the premises located at 7020 East Brainerd Road, Chattanooga, Tennessee 37421 for the purpose of purchasing gas for her vehicle.

9. Darlene was a business invitee of the collective Defendants.

10. As Darlene pumped gas into her vehicle on the Defendants' premises, she slipped and fell onto the concrete floor between her vehicle and the gas pump.

11. Darlene slipped on an oily substance located beneath the gas station pump where she was parked.

12. Upon information and belief, a clerk from Mac's and/or Circle K was alerted of Darlene's fall by other patrons and attended to Plaintiff until her husband, James Edward Herring, arrived and took her to the hospital for medical treatment.

13. Upon information and belief, said clerk failed to submit an incident report to Defendants or take any action to warn invitees of the slippery substances located on the premises on the date of injury.

### III. CAUSE OF ACTION

### A. NEGLIGENCE

14. Plaintiffs incorporate paragraphs 1 through 13 herein as if fully restated verbatim.

15. The Defendants collectively owed a duty of care to business invitees, including Darlene, to remove, make safe, or warn of any dangerous condition on the premises created by or known to the Defendants.

16. Upon information and belief, Defendants had notice of the oily substance at the gas pumps on the premises on the date of the injury, prior to Plaintiff's patronage.

17. Defendants, either by affirmative acts or omissions, negligently failed to maintain the premises in a safe condition for its business invitees, including Darlene, and therefore breached their duty of care.

18. As a direct and proximate result of such negligent, grossly negligent, willful, wanton, reckless, and/or malicious conduct exhibited by the Defendants, Darlene suffered physical pain, emotional suffering, loss of enjoyment of life, and monetary damages.

19. Defendants are vicariously liable for the negligence of the staff and clerks employed by Defendants as set forth above, because at all material times the staff and clerks employed by Mac's and/or Circle K were agents (actual or apparent), servants, or employees of Mac's and/or Circle K, and were acting in the course and scope of their employment with said Defendants. Each Defendant named herein either, owns or operates the premises and the business located therein. The Defendants, collectively, are therefore responsible for the actions of the staff and clerks employed by the convenience store and gas station, under the doctrines of *respondeat superior,* vicarious liability, and/or apparent agency.

20. As a direct and proximate result of such negligent, grossly negligent, willful, wanton, reckless, and/or malicious conduct exhibited by the Defendants, Darlene asserts a claim for judgment for all compensatory damages against Defendants, including, but not limited to, past medical expenses, physical pain and suffering, mental anguish, and loss of enjoyment of life in an amount to be determined by the enlightened conscious of the jury, plus costs and all other relief to which she is entitled by law.

## B. LOSS OF CONSORTIUM

21. Plaintiffs incorporate paragraphs 1 through 20 herein as if fully restated verbatim.

22. As a direct and proximate result of the acts or omissions of Defendants as set forth above, Darlene suffered mental anguish, excruciating pain and suffering, and physical injuries.

23. Darlene's husband, James Edward Herring, is entitled to, among other things, shared income, companionship, affection, and domestic cooperation from Darlene.

24. As a direct and proximate result of the acts or omissions of the Defendants as set forth above, James Edward Herring, was and has been deprived of the consortium of his wife,

- 4 -

Darlene, due to her continued pain and suffering, and accordingly seeks damages for loss of consortium, attention, guidance, care, protection, companionship, affection and love.

25. Pursuant to *Tennessee Code Annotated* § 25-1-106, James Edward Herring is entitled to recover for his loss of consortium.

26. Pursuant to the *Tennessee Rule of Civil Procedure*, Plaintiff demands a trial by jury as to all issues so triable.

WHEREFORE, Plaintiffs pray as follows:

a. For judgment against Defendants for compensatory damage in an amount to be determined by the jury to compensate Darlene for all the injuries and damages sustained in an amount greater than the minimum jurisdictional amount of this Court, but not to exceed Seven Hundred Fifty Thousand Dollars ($750,000.00);

b. For judgment against Defendants for James Edward Herring, in an amount to be determined by the jury to compensate his loss of consortium claim, but no less than Twenty-Five Thousand Dollars ($25,000.00);

c. For all general and special damages caused by Defendants' conduct;

d. For the cost of litigating this action;

e. For all other damages and relief to which Plaintiffs may be justly entitled; and,

f. That process be issued and that the Defendants be required to answer this Complaint for Damages within the time provided by law.

Case 1:20-cv-00341-CEA-CHS   Document 1-1   Filed 12/08/20   Page 5 of 6   PageID #: 8

Respectfully submitted,

**TOM BIBLE LAW**

**James W. Clements, III, BPR No. 013191**
**J. Drew Clements, BPR No. 037522**
6918 Shallowford Road, Suite 100
Chattanooga, TN 37421
Phone: 423-424-3116
jay@tombiblelaw.com
drew@tombiblelaw.com
*Attorneys for Plaintiffs*

- 6 -

Case 1:20-cv-00341-CEA-CHS   Document 1-1   Filed 12/08/20   Page 6 of 6   PageID #: 9